TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail:  Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 40.997711 ETHEREUM DIGITAL CURRENCY<br><br>    Defendant. | NO. 8:22-cv-00981<br><br><u>VERIFIED COMPLAINT FOR FORFEITURE</u><br><br>18 U.S.C. § 981(a)(1)(A) & (C)<br><br>[U.S.S.S.] |

The United States of America brings this claim against the defendant 40.997711 Ethereum digital currency and alleges as follows:

**JURISDICTION AND VENUE**

1.   This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this District pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America (the "government").

5. The defendant is 40.997711 Ethereum Digital Currency (the "Defendant Currency").

6. The Defendant Currency is currently held in a digital wallet with the account number ending in '21d60, in the custody and control of Binance.US ("Binance"). The Defendant Currency shall remain subject to this Court's jurisdiction pending the resolution of this action.

7. The interests of victim P.M. may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

*Background on Digital Currency*

8. Digital currency (also known as cryptocurrency or virtual currency)[1] is generally defined as an electronic-sourced unit of value that can be used as a substitute for fiat currency (i.e., currency created and regulated by a government). Digital currencies exhibit properties similar to other currencies, but do not have a physical form, existing entirely on the internet. Digital currency is not issued by any government or bank (in contrast with "fiat" or conventional currencies) and is instead generated and controlled

---

[1] For purposes of this complaint, the terms "digital currency," "cryptocurrency," and "virtual currency" are used interchangeably and address the same concept.

2

through computer software operating on a decentralized peer-to-peer network. Digital currency is legal in the United States and accepted for legitimate financial transactions. However, it is often used for conducting illegal transactions or for concealing or disguising the true nature, source, location, ownership, or control of illegally obtained proceeds. Bitcoin is one of the most commonly used and well-known digital currencies.

9. A digital currency exchanger (an "exchanger") is a business that allows customers to trade digital currencies for other digital or fiat currencies. An exchanger can be a brick-and-mortar business, or strictly an online business. Both brick and mortar and online exchangers accept a wide variety of digital currencies, and exchange them for fiat and traditional payment methods, other digital currencies, or transfers between digital currency owners. Most exchangers are located outside the boundaries of the United States in order to avoid regulation and legal requirements, but the largest and most popular exchanger is "Coinbase," which operates inside the jurisdiction of the United States. Binance is one such popular exchanger.

10. Tokens are a form of digital asset that function similar to a digital currency. Tokens are generally created by an issuing company and then used like currency by and within companies including the issuer, but are generally distinct from other blockchain-based cryptocurrencies such as Bitcoin.[2] Digital tokens are often issued by

---

[2] A blockchain is a growing list of records, called blocks, linked using cryptography. It is a decentralized, distributed and public digital ledger that is used to record transactions across many computers in a way that the record can't be altered retroactively without additionally changing all successive blocks and the consent
*(footnote cont'd on next page)*

companies attempting to launch a new digital product or digital service, where investors purchase tokens for cash and expect that they will exchange these tokens at a later date for greater value if the issuer is successful. While tokens can be used as a limited form of payment, these tokens officially remain the property of the issuer, which often will maintain technical tools that can restrict such tokens from being transferred further. In this way, a token may be analogized to a voucher or I-O-U, in that they are not specifically a currency, but represent value and may be exchanged at that value. Many tokens can be bought and transferred within certain exchangers, such as Coinbase.

11. One popular and second commonly used cryptocurrency only to Bitcoin in market capitalization is "Ethereum," a token issued by Ethereum network. Ethereum is a cryptocurrency like Bitcoin that has a public blockchain to store transactions. The addresses rely on cryptography for security, so a private key of an address is needed to spend funds on that address. It is a decentralized, peer-to-peer form of digital currency having no association with banks or governments. Users purchase Ethereum tokens, which are stored in a user's digital or cryptocurrency wallet (a "wallet"). Ethereum has some fundamental differences from Bitcoin. The scripting language in Ethereum allows for some additional functionalities. It also allows for the creation of smart contracts, tokens, DeFi platforms, non-fungible tokens (NFTs) and more.

---

of the network. Blockchain is a method to record transactions that provides high security by design: transactions are verified with advanced cryptography and spread across many computers in a peer-to-peer network or distributed ledger.

12. A wallet is identified by unique electronic addresses that essentially stores the access code that allows an individual to conduct transactions on the public ledger. To access a wallet on the public ledger, an individual must use a public address (or "public key") and a private address (or "private key"). The public address can be analogized to an account number while the private address is similar to a password used to access that account. Even though the public address of those engaging in digital currency transactions are recorded on the public ledger, the true identities of the individuals or entities behind the public address are not recorded. If a real individual or entity is linked to a public address, however, it may be possible to determine what transactions were conducted by that individual or entity. Therefore, digital transactions are often described as "pseudonymous," meaning they are partially anonymous. Most individuals are identified when they use a digital currency exchanger to make a transaction between digital currency and fiat, or through digital currency exchangers that voluntarily or through legal order, cooperate with law enforcement.

*Background on Victim P.M.*

13. P.M. is a resident of, and does business within, Orange County, California, within the Central District of California.

14. P.M. controls an investment vehicle which invests in digital currencies, including Ethereum.

15. Through this investment vehicle, P.M. maintained one wallet with Coinbase, a popular digital currency exchanger (hereinafter, the "Victim Account").

*P.M. is Defrauded by Persons Unknown*

16. On or about December 21, 2021, the victim, P.M., received a pop-up message identifying an error while attempting to log into the Victim Account held at Coinbase on his laptop.

17. The pop-up message stated, "Due to a recent activity your account has been blocked. Please contact our support team at +1-810-420-8046 to remove account restrictions." P.M. called the identified telephone number and was connected to someone purporting to be a Coinbase representative.

18. The individual P.M. spoke with identified himself as Ankit Anwaral ("Ankit"). Ankit knew P.M.'s log in information and P.M.'s current location. Ankit stated to P.M. that, in order to authenticate his information, P.M. needed to transfer his cryptocurrency balance from his Coinbase account to a Coinbase Pro account, which was a more sophisticated account designed for investment professionals.

19. Ankit directed P.M. to download a remote desktop application called "Anydesk"[3] onto his laptop to allow Ankit to remotely control P.M.'s computer. Once P.M. did so, persons unknown began to transfer P.M.'s funds.

20. Shortly after, P.M. noticed that 40.997711 Ethereum, valued at $165,145.40 at that time, had been transferred out of the Victim Account.

---

[3] A remote desktop application is often utilized as a legitimate way to connect to a computer or server when the user is not able to connect to the actual computer. It can also be used by IT service professionals to diagnose and repair problems arising on a customer or employee's computer without physically being present in front of the computer experiencing the issues.

21.   Due to Ankit's misrepresentations, P.M. did not realize he had been defrauded until the full contents had been transferred out of the Victim Account.

22.   Based on the cryptocurrency analysis conducted by USSS Investigative analysts, unknown persons moved the Defendant Currency through numerous transfers before being reassembled in other wallets in order to conceal the corrupt source. Attached as Attachment A is a summary chart documenting the series of transfers.

23.   On April 09, 2022, USSS requested a hold on the account ending in '21d60 due to its connection with the above-described scheme, and the placement of fraudulently obtained Ethereum. At the time of the request, account ending in '21d60 contained approximately 40.997711 Ethereum.

//
//
//

**FIRST CLAIM FOR RELIEF**

24. Based on the foregoing, the government alleges that the Defendant Currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 & 1957 (relating to money laundering), or property traceable to such property, with the specified unlawful activity being violations of 18 U.S.C. §§ 1030 and/ or1343.  The Defendant Currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

**SECOND CLAIM FOR RELIEF**

25. Based on the foregoing, the government alleges that the Defendant Currency constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1030 (fraud and related activity in connection with computers) and/or 1343 (wire fraud), which is a specified unlawful activity under 18 U.S.C §§ 1956(c)(7)(A) and 1961(1)(B). The Defendant Currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

//
//
//

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the Defendant Currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: May 12, 2022

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN S. GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

   */s/ DAN G. BOYLE*
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>VERIFICATION</u>

I, AKIHITO YAMAMOTO, hereby declare that:

1. I am a Special Agent of the United States Secret Service and the case agent for the forfeiture matter entitled *United States of America v. Approximately 40.997711 Ethereum Digital Currency.*

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 12, 2022 in Santa Ana, California.

*A. Yamamoto*
AKIHITO YAMAMOTO
Special Agent
United States Secret Service